IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SPANSION LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. _____ |
| | ) |
| SAMSUNG ELECTRONICS CO. LTD., | ) **JURY TRIAL DEMANDED** |
| SAMSUNG ELECTRONICS AMERICA, | ) |
| INC., SAMSUNG SEMICONDUCTOR, INC., | ) |
| SAMSUNG TELECOMMUNICATIONS | ) |
| AMERICA, LLC, AND SAMSUNG AUSTIN | ) |
| SEMICONDUCTOR, LLC, | ) |
| | ) |
| Defendants. | ) |

## COMPLAINT

Plaintiff, Spansion LLC, alleges as follows:

1. Plaintiff Spansion LLC ("Spansion") is a limited liability company organized and existing under the laws of Delaware and has its headquarters at 915 DeGuigne Road, Sunnyvale, CA 94088.

2. With respect to the defendants, Spansion alleges the following upon information and belief:

   (i) Samsung Electronics Co., Ltd. is a corporation organized under the laws of South Korea, and has its principal place of business at 250, Taepyeongo 2-ga, Jung-gu, Seoul, South Korea.

   (ii) Samsung Electronics America, Inc. is a subsidiary of Samsung Electronics Co., Ltd., incorporated in the state of New York, having its principal place of business at 105 Challenger Road, Ridgefield Park, New Jersey, 07660.

(iii) Samsung Semiconductor, Inc. is a subsidiary of Samsung Electronics Co., Ltd., incorporated in the state of California, having its principal place of business at 3655 North First Street, San Jose, California 95134.

(iv) Samsung Telecommunications America, LLC is a subsidiary of Samsung Electronics Co., Ltd., organized under the laws of the state of Delaware, having its principal place of business at 1301 Lookout Drive, Richardson, Texas 75082.

(v) Samsung Austin Semiconductor, LLC is a subsidiary of Samsung Electronics Co., Ltd., organized under the laws of the state of Delaware, having its principal place of business at 12100 Samsung Boulevard, Austin, Texas 78754.

3. Spansion, which owns the patents at issue in this suit, is the wholly-owned operating subsidiary of Spansion Inc. Spansion was formed as the result of a joint venture between AMD's and Fujitsu's flash memory businesses. Spansion's parent company, Spansion Inc., is a separate independent, publicly traded company.

4. Spansion is the largest company in the world dedicated exclusively to designing, developing, manufacturing, marketing, and selling flash memory solutions. Flash memory is a technology used throughout the electrical and electronics industry to support a wide variety of applications, including consumer, telecommunications, automotive, medical and military applications.

5. Spansion is also one of the few major flash memory companies remaining in the United States, and is the third largest flash memory provider worldwide. Spansion sells about $2.5 billion of flash memory annually.

6. Spansion's ability to compete and its success as a company depends, in large part, on its ability to innovate and to protect its innovations. To that end, Spansion invests a substantial portion of its revenues on research and development efforts every year.

7. In fact, Spansion maintains its Sub-Micron Development Center ("SDC") adjacent to its headquarters in Sunnyvale, California, which is devoted solely to research and development. Spansion is informed and believes that the SDC is the only fabrication facility, or "fab," in the United States devoted solely to flash memory semiconductor research and development, and is one of the last semiconductor fabs located in Silicon Valley.

8. Based on its research and development, Spansion is a recognized leader in innovation in the field of flash memory. In fact, Samsung has cited Spansion patents numerous times in its own patent filings. One Spansion patent in particular has been cited by Samsung on at least ten separate occasions.

9. Spansion is informed and believes that Samsung, having recognized the value and innovation of Spansion's technology, is infringing its innovative technology covered by its patents in connection with its flash memory products. Spansion is further informed and believes that Samsung has built a worldwide business of approximately $7 billion annually based on the sale of infringing chips alone, and has also built additional businesses in USB drives, in cameras, in MP3 players, in computers, in televisions, in cell phones and in many other electronic products that use the infringing chips.

10. Spansion's ability to compete depends, in large part, on protecting its inventions by seeking and obtaining patents covering those inventions. Spansion's long-term financial success depends, in significant part, on its ability to establish, maintain, and protect its

proprietary technology through enforcement of its patent rights. Spansion has been significantly damaged by the acts complained of in this Complaint.

11. This action arises under the patent laws of the United States, 35 U.S.C. § 271 *et seq.*

12. This court has original jurisdiction over this dispute pursuant to 28 U.S.C. §§ 1331 and 1338(a).

13. Venue in this judicial district is proper under 28 U.S.C. §§ 1391(b) - (c) and 1400(b). Spansion is informed and believes that this Court has personal jurisdiction over Samsung because many of the Defendants are incorporated in Delaware, because Samsung does business in this district, and because Samsung has infringed and continues to infringe, contributorily infringe and/or induce the infringement of Spansion's patents at issue in this district.

### COUNT ONE: INFRINGEMENT OF THE '888 PATENT

14. Paragraphs 1 through 13 are incorporated herein as set forth above.

15. United States Patent No. 6,455,888 ("the '888 Patent"), entitled "Memory Cell Structure for Elimination of Oxynitride (ONO) Etch Residue and Polysilicon Stringers," was duly and lawfully issued by the United States Patent and Trademark Office on September 24, 2002. A true and correct copy of the '888 Patent is attached to this complaint as Exhibit A. Spansion is the assignee of all rights under the '888 Patent, including the right to sue for past, current, and future infringement.

16. Spansion is informed and believes that Samsung has infringed and is still infringing the '888 Patent by making, using, selling and importing flash memory chips and

products containing the such chips covered by one or more claims of the '888 Patent, and/or contributing to or inducing infringement by third parties.

17. Spansion is informed and believes that Samsung's infringement of the '888 Patent has been and continues to be willful and deliberate.

18. Spansion has been damaged by Samsung's infringement of the '888 Patent and will continue to be damaged unless enjoined by this Court.

19. Spansion does not have an adequate remedy at law.

### COUNT TWO: INFRINGEMENT OF THE '232 PATENT

20. Paragraphs 1 through 19 are incorporated herein as set forth above.

21. United States Patent No. 6,509,232 ("the '232 Patent"), entitled "Formation of STI (Shallow Trench Isolation) Structures Within Core and Periphery Areas of Flash Memory Device," was duly and lawfully issued by the United States Patent and Trademark Office on January 21, 2003. A true and correct copy of the '232 Patent is attached to this complaint as Exhibit B. Spansion is the assignee of all rights under the '232 Patent, including the right to sue for past, current, and future infringement.

22. Spansion is informed and believes that Samsung has infringed and is still infringing the '232 Patent by making, using, selling and importing flash memory chips and products using the method(s) covered by one or more claims of the '232 Patent, and/or contributing to or inducing infringement by third parties.

23. Spansion is informed and believes that Samsung's infringement of the '232 Patent has been and continues to be willful and deliberate.

24. Spansion has been damaged by Samsung's infringement of the '232 Patent and will continue to be damaged unless enjoined by this Court.

25. Spansion does not have an adequate remedy at law.

**COUNT THREE: INFRINGEMENT OF THE '901 PATENT**

26. Paragraphs 1 through 25 are incorporated herein as set forth above.

27. United States Patent No. 5,831,901 ("the '901 Patent"), entitled "Method of Programming a Memory Cell to Contain Multiple Values," was duly and lawfully issued by the United States Patent and Trademark Office on November 3, 1998. A true and correct copy of the '901 Patent is attached to this complaint as Exhibit C. Spansion is the assignee of all rights under the '901 Patent, including the right to sue for past, current, and future infringement.

28. Spansion is informed and believes that Samsung has infringed and is still infringing the '901 Patent by making, using, selling and importing flash memory chips and using the method covered by one or more claims of the '901 Patent, and/or contributing to or inducing infringement by third parties, all to the injury of Spansion.

29. Spansion is informed and believes that Samsung's infringement of the '901 Patent has been and continues to be willful and deliberate.

30. Spansion has been damaged by Samsung's infringement of the '901 Patent and will continue to be damaged unless enjoined by this Court.

31. Spansion does not have an adequate remedy at law.

**COUNT FOUR: INFRINGEMENT OF THE '202 PATENT**

32. Paragraphs 1 through 31 are incorporated herein as set forth above.

33. United States Patent No. 5,991,202 ("the '202 Patent"), entitled "Method for Reducing Program Disturb During Self-Boosting in a NAND Flash Memory," was duly and lawfully issued by the United States Patent and Trademark Office on November 23, 1999. A true and correct copy of the '202 Patent is attached to this complaint as Exhibit D. Spansion is

the assignee of all rights under the '202 Patent, including the right to sue for past, current, and future infringement.

34. Spansion is informed and believes that Samsung has infringed and is still infringing the '202 Patent by making, using, selling and importing flash memory chips and using the method covered by one or more claims of the '202 Patent, and/or contributing to or inducing infringement by third parties.

35. Spansion is informed and believes that Samsung's infringement of the '202 Patent has been and continues to be willful and deliberate.

36. Spansion has been damaged by Samsung's infringement of the '202 Patent and will continue to be damaged unless enjoined by this Court.

37. Spansion does not have an adequate remedy at law.

**COUNT FIVE: INFRINGEMENT OF THE '383 PATENT**

38. Paragraphs 1 through 37 are incorporated herein as set forth above.

39. United States Patent No. 6,433,383 ("the '383 Patent"), entitled "Methods and Arrangements for Forming a Single Interpoly Dielectric Layer in a Semiconductor Device," was duly and lawfully issued by the United States Patent and Trademark Office on August 13, 2002. A true and correct copy of the '383 Patent is attached to this complaint as Exhibit E. Spansion is the assignee of all rights under the '383 Patent, including the right to sue for past, current, and future infringement.

40. Spansion is informed and believes that Samsung has infringed and is still infringing the '383 Patent by making, using, selling and importing flash memory chips and products containing such chips covered by one or more claims of the '383 Patent, and/or contributing to or inducing infringement by third parties.

41. Spansion is informed and believes that Samsung's infringement of the '383 Patent has been and continues to be willful and deliberate.

42. Spansion has been damaged by Samsung's infringement of the '383 Patent and will continue to be damaged unless enjoined by this Court.

43. Spansion does not have an adequate remedy at law.

**COUNT SIX: INFRINGEMENT OF THE '610 PATENT**

44. Paragraphs 1 through 43 are incorporated herein as set forth above.

45. United States Patent No. 6,246,610 ("the '610 Patent"), entitled "Symmetrical Program and Erase Scheme to Improve Erase Time Degradation in NAND Devices," was duly and lawfully issued by the United States Patent and Trademark Office on June 12, 2001. A true and correct copy of the '610 Patent is attached to this complaint as Exhibit F. Spansion is the assignee of all rights under the '610 Patent, including the right to sue for past, current, and future infringement.

46. Spansion is informed and believes that Samsung has infringed and is still infringing the '610 Patent by making, using, selling and importing flash memory chips and using the method covered by one or more claims of the '610 Patent, and/or contributing to or inducing infringement by third parties.

47. Spansion is informed and believes that Samsung's infringement of the '610 Patent has been and continues to be willful and deliberate.

48. Spansion has been damaged by Samsung's infringement of the '610 Patent and will continue to be damaged unless enjoined by this Court.

49. Spansion does not have an adequate remedy at law.

## PRAYER FOR RELIEF

WHEREFORE, Spansion requests that this Court enter judgment as follows ordering that:

a) Samsung has infringed the '888, '232, '901, '202, '383 and '610 Patents by its making, using, offering for sale, selling and/or offering to sell products covered by one or more claims of the '888, '232, '901, '202, '383 and '610 Patents within the United States, and/or by contributing to or inducing such infringement;

b) Samsung's infringement of the '888, '232, '901, '202, '383 and '610 Patents has been willful;

c) Samsung and their affiliates, subsidiaries, officers, directors, employees, agents, representatives, licensees, successors, assigns, and all those acting for any of them or on their behalf, or acting in concert with them, be preliminarily and permanently enjoined from further infringement of Spansion's patents;

d) Spansion be awarded compensatory damages, together with prejudgment interest, and costs;

e) Spansion be awarded treble damages for willful patent infringement;

f) This case be declared to be exceptional in favor of Spansion under 35 U.S.C. § 285, and that Spansion be awarded its costs, attorneys' fees, and other expenses incurred in connection with this action; and

g) Spansion be awarded such other relief as the Court deems just and proper.

## JURY DEMAND

Spansion hereby demands a jury trial on all issues so triable.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Jack Blumenfeld*

Jack B. Blumenfeld (#1014)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
jblumenfeld@mnat.com

*Attorneys for Plaintiff Spansion LLC*

*Of Counsel*:
Ethan Horwitz, Esquire
Robert Whitman, Esquire
KING & SPALDING LLP
1185 Avenue of the Americas
New York, NY 10036-4003
(212) 556-2100

Lisa Kobialka, Esquire
Rowena Young, Esquire
KING & SPALDING LLP
333 Twin Dolphin Drive
Suite 400
Redwood Shores, CA 94065
(650) 590-0700

Thomas Lundin, Esquire
Jill Wasserman, Esquire
KING & SPALDING LLP
1180 Peachtree Street NE
Atlanta, GA 30309-3521
(404) 572-4600

November 17, 2008

10